**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA and** | ) | |
| **THE STATE OF ILLINOIS, each ex rel.** | ) | |
| **PHILLIP E. EDMONDSON,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Case No. 13-CV-875-SMY-PMF** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **BOARD OF TRUSTEES OF ILLINOIS** | ) | |
| **EASTERN COMMUNITY COLLEGES,** | ) | |
| | ) | |
| **Defendant.** | | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Phillip E. Edmondson, a former miner who was employed as an instructor by the Illinois Eastern Community Colleges Workforce Education program, brought this action under the federal False Claims Act, 31 U.S.C. §§ 3729 *et seq.,* and the Illinois False Claims Act, 740 ILCS 175/1 *et seq.,* alleging Defendant the Board of Trustees of Illinois Eastern Community Colleges ("IECC") employed a number of fraudulent schemes to obtain funding to which it was not entitled from the United States and the State of Illinois. The Complaint was filed under seal on August 23, 2013 (Doc. 2). The seal was repeatedly extended while the Government and the State of Illinois decided whether to intervene in this matter. On April 7, 2015, both declined to intervene (Doc. 29). On November 9, 2015, IECC filed a motion to dismiss for failure to state a claim (Doc. 48). On December 14, 2015, Plaintiff filed a motion seeking a voluntary dismissal without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure (Doc. 53) to which IECC filed a response in opposition (Doc. 55). For the following reasons, the Court

1

**GRANTS** Plaintiff's motion to dismiss over IECC's objections and **DENIES as MOOT** IECC's motion to dismiss.

The dismissal of a plaintiff's complaint without prejudice under Rule 41(a)(2) is within the district court's sound discretion.  *See Tyco Labs., Inc. v. Koppers Co.,* 627 F.2d 54, 56 (7th Cir.1980).  In deciding whether to grant a Rule 41(a)(2) motion to dismiss, a court may look at a variety of factors, including: (1) a defendant's effort and resources already expended in preparing for trial; (2) excessive delay and lack of diligence on the part of plaintiff in prosecuting the action; (3) insufficient explanation for the need of a dismissal; and (4) whether a summary judgment motion has been filed by defendant.  *Tyco Labs.,* 627 F.2d at 56.  There is no mandate that each and every factor be resolved in favor of the moving party before dismissal is appropriate.  The factors are merely a guide for the court, in whom the discretion ultimately rests. *Id.*

Here, IECC opposes a dismissal without prejudice because it claims that Plaintiff lacked diligence in bringing his motion.  IECC further argues that it has expended time and resources in defending this case and will be prejudiced by a voluntary dismissal unless the dismissal is with prejudice.  In support, IECC relies upon several easily distinguishable cases, *Tolle v. Carroll Touch, Inc.,* 23 F.3d 174, 178 (7th Cir.1994) and *Fluker v. County of Kanakee,* 741 F.3d 787, 794-95 (7th Cir.2013).

In *Tolle*, an ERISA action, the plaintiff sought dismissal of a four-year-old suit after the discovery deadline had elapsed, the parties had filed motions for summary judgment, and the district court had ruled unfavorably on plaintiff's pre-trial motion.  *Tolle*, 23 F.3d at 178.  The Seventh Circuit affirmed the denial of plaintiff's motion to dismiss because "unfavorable rulings

by the district court [are] not an acceptable basis to grant Tolle's voluntary dismissal or to facilitate the search for a perceivably more favorable state judicial climate." *Id.*

In *Fluker*, a case brought under 42 U.S.C. § 1983, the plaintiffs moved for voluntary dismissal following the close of discovery and while the defendants motion for summary judgment on the issue of the plaintiffs' clear failure to exhaust administrative remedies was pending before the district court. *Fluker*, 741 F.3d at 794-95. Describing the time spent throughout the duration of the case and discovery, among other delays, the Seventh Circuit affirmed the district court's denial of the motion for voluntary dismissal.

In this case, unlike in *Tolle* and *Fluker*, the relevant factors weigh in favor of voluntary dismissal. This litigation, although pending since August 2013, is not at an advanced stage procedurally. The case was only recently unsealed. Most of the litigation to date has involved the United States and State of Illinois' investigation and determination whether or not to intervene. The Scheduling Order, entered on January 8, 2016, sets the discovery cutoff and summary judgment motion deadlines in November and December 2016, respectively. The jury trial is not scheduled until March 2017.

Although Defendant has certainly expended effort complying with the Government's investigation, the Court does not believe IECC's efforts outweigh Plaintiff's right to seek dismissal of his case. There has not been excessive delay or lack of diligence on Plaintiff in prosecuting this action. Plaintiff seeks dismissal early in the litigation, before either the close of discovery or the filing of motions for summary judgment. Additionally, unlike the movants in *Tolle* and *Fluker*, Plaintiff's purported reason for dismissal is eminently reasonable. Plaintiff asserts the Government's investigation reveals that the vast bulk of payments received directly from the fraudulent scheme come from the State of Illinois and arise under the Illinois False

3

Claims Act, 720 ILCS 175/1, *et seq*.  Plaintiff requests dismissal in order to refile his claims in state court.  Based on the foregoing facts and circumstances, voluntary dismissal is warranted.

Accordingly, Plaintiff's motion to dismiss pursuant to Rule 41(a)(2) (Doc. 53) is **GRANTED.**   This matter is **DISMISSED without prejudice**.  IECC's motion to dismiss (Doc. 48) is **DENIED as MOOT**.

**IT IS SO ORDERED.**

**DATED:  February 17, 2016**

s/ Staci M. Yandle
**STACI M. YANDLE**
**United States District Judge**